J-S74032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                : PENNSYLVANIA
                                :
              v.                :
                                :
                                :
                                :
MANUEL FIGUEROA                 :
                                :
              Appellant         : No. 2978 EDA 2015

Appeal from the Judgment of Sentence April 22, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0005268-2011

BEFORE:  OTT, RANSOM, JJ., STEVENS[*], P.J.E.

CONCURRING STATEMENT BY OTT, J.:          **FILED NOVEMBER 17, 2016**

While I agree with the Majority's conclusion that the PCRA court had no jurisdiction to grant Figueroa *nunc pro tunc* relief in this matter, I write separately because I am particularly troubled by the failures of both counsel and the trial court to protect Figueroa's appellate rights.

First, although I recognize trial counsel was retained only for purposes of trial or a guilty plea, and had no obligation to file either post-sentence motions or a direct appeal on Figueroa's behalf, where, as here, Figueroa expressed his desire to appeal his sentence, the better practice would have been to file a timely notice of appeal in order to preserve his client's appellate rights, and then petition to withdraw as counsel.  In the present

_____

[*] Former Justice specially assigned to the Superior Court.

case, counsel was still of record, and had not yet filed a petition to withdraw, at the time Figueroa's direct appeal period expired.

Second, the trial court could have considered either of Figueroa's two untimely-filed, *pro se* notices of appeals (filed June 12, 2013 and June 24, 2013) to be a timely PCRA petition. Indeed, the trial court had already entered an order on June 4, 2013, informing Figueroa that the time for filing a direct appeal had expired. Nevertheless, those untimely direct appeals proceeded to this Court.

Third, even accepting that Figueroa's judgment of sentence became final on June 3, 2013, (30 days after the trial court denied his untimely post-sentence motion), newly appointed counsel - the Lehigh County Public Defender's Office - still could have filed a timely PCRA petition. Indeed, counsel was appointed sometime before December of 2013. Although Figueroa subsequently requested to proceed *pro se*, he withdrew that request following a **Grazier** hearing in February of 2014. The time period for filing a PCRA petition did not expire until **June 3, 2014**. The record provides no explanation why counsel failed to take any steps in the ensuing four months to preserve Figueroa's collateral appeal rights.[1]

I recognize the PCRA court attempted to correct the inequities in this case by reinstating Figueroa's post-sentence and direct appeal rights. However, unfortunately, I agree with the Majority that the court had no jurisdiction to do so. Moreover, while I find the procedural defects in this

_____

[1] Counsel should have been well aware that Figueroa's June 2013 *pro se* notice of appeal was untimely filed.

case implicate the PCRA's timeliness exception for newly discovered facts, *i.e.*, based upon counsel's apparent abandonment,[2] it is doubtful Figueroa can meet the 60-day requirement for raising such a claim.

Accordingly, I concur with the Majority's conclusion that we must quash this appeal.

President Judge Emeritus Stevens joins this concurring statement.

---

[2] *See Commonwealth v. Bennett*, 930 A.2d 1264, 1274-1275 (Pa. 2007) (counsel's abandonment of defendant, by failing to file an appellate brief, constitutes newly discovered fact which might excuse untimeliness of PCRA petition if defendant can demonstrate he could not have uncovered the fact with the exercise of due diligence).